IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENMIEL RIVERA-DÍAZ [2],<br><br>Defendant. | CRIMINAL NO. 19-357 (GAG) |

**REPORT AND RECOMMENDATION**

Defendant Kenmiel Rivera-Díaz [2] was charged in two counts of a five-count Indictment and he agreed to plead guilty to Counts Three and Four. Count Three charges Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2. Count Four charges Defendant with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1).

On October 1, 2020, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. For the proceeding, the Court, the prosecutor, defense counsel, the court reporter and the courtroom deputy all appeared by videoconference. Defendant appeared by videoconference from the Tallahatchie County Correctional in Tallahatchie, Mississippi. Defendant consented to appearing by videoconference, and both he and his lawyer explained they had discussed the matter. Defendant's image and voice were clear, and he could see and hear the undersigned and the lawyers clearly. Defendant signed a waiver of personal presence at change of plea hearing. (Docket No. 50).

<u>United States of America v. Kenmiel Rivera-Díaz [2]</u>
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 2

The hearing proceeded without Defendant physically present because Hon. Judge Gustavo A. Gelpí made the CARES ACT findings at Docket No. 37 as follows: "Given the exigent circumstances generated by the COVID-19 Pandemic, and while considering the related and relevant dispositions within the MDC-Guaynabo and USMS protocols and consistent with the Order issued by the undersigned pursuant to the Cares Act (See 20-mc-088), the Court finds that the only viable mechanism in which it may currently conduct a change of plea hearing is by Video Conference. This will ensure public health and safety and also afford for the proceedings to be conducted without further delay. The mechanisms herein implemented are in the best interests of justice and the parties. Therefore, the Motion for Change of Plea is referred to Magistrate Judge Camille Velez-Rive for setting of Rule 11 Hearing and submission of Report and Recommendation. Hearing shall be set in accordance to the calendar availability of the Magistrate Judge."

Defendant was provided with a Consent to Proceed before a United States Magistrate Judge in a felony case and a Waiver of Right to Trial by Jury which he signed and agreed upon voluntarily after examination under oath. (Docket No. 51).

Defendant indicated and confirmed his intention to plead guilty to Counts Three and Four of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Kenmiel Rivera-Díaz [2]
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 3

capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Counts Three and Four, he was examined and verified as being correct that he had consulted with his counsel, Luis Guzmán-Dupont, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or

decision as to his guilt could be made from the fact, if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The maximum statutory penalty for the offense charged in Count Three is a minimum term of imprisonment of five (5) years and a maximum term of life in prison, pursuant to Title 18, United States Code, Section 924(c)(1)(a)(i); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); and a supervised release term of not more than five (5) years, pursuant to Title 18, United States Code, Section 3583(b)(1).

The maximum statutory penalty for the offense charged in Count Four is a term of imprisonment of not more than twenty (20) years, pursuant to Title 18, United States Code, Section 841(b)(1)(C); a fine not to exceed one million dollars ($1,000,000.00),

United States of America v. Kenmiel Rivera-Díaz [2]
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 5

pursuant to Title 18, United States Code, Section 841(b)(1)(C); and a supervised release term of at least three (3) years, pursuant to Title 18, United States Code, Section 841(b)(1)(C).

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00), per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A), for a total of two hundred dollars ($200.00).

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement" ("the Agreement")[2] was shown to Defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts Three and Four, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

United States of America v. Kenmiel Rivera-Díaz [2]
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 6

      The above-captioned parties' estimate an agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count Three, pursuant to the United States Sentencing guidelines §2K2.4(b), a defendant that U.S.C. § is convicted of violating 18 U.S.C. §924(c)(1)(A) has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. §924(c)(1)(A)(i), there is a minimum term of imprisonment of sixty (60) months.

      As to Count Four, pursuant to U.S.S.G. §2D1.1(c)(14), for less than 50 grams of cocaine, the base offense level is of twelve (12). Pursuant to USSG §3E1.1, a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the total offense level is of ten (10), which yields an imprisonment range of six (6) to twelve (12) months if Criminal History Category is I; eight (8) to fourteen (14) months if Criminal History Category is II; ten (10) to sixteen (16) months if Criminal History Category is III; fifteen (15) to twenty-one (21) months if Criminal History Category is IV; twenty-one (21) to twenty-seven (27) months if Criminal History Category is V; twenty-four (24) to thirty (30) months if Criminal History Category is VI.

      The parties do not stipulate as to any Criminal History Category for Defendant.

      As to Count Three and after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agrees to recommend, a term of imprisonment of sixty (60) months, consecutive to the term of imprisonment imposed for Count Four. As to Count Four, the parties agree that the parties will request a sentence

United States of America v. Kenmiel Rivera-Díaz [2]
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 7

of imprisonment within the applicable Guidelines range, at a total offense level of 10, when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553 – other than any explicitly provided for in the Plea and Forfeiture Agreement- shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in the Plea Agreement will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

At sentencing should there be any pending counts and should Defendant comply with the terms the Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), Defendant agrees to forfeit any rights any firearms and ammunition involved or used in the commission of the offense, including but not limited to: an AK type pistol, bearing serial number UY 4168, loaded with thirty-eight (38) rounds of 7.69 x 39 caliber ammunition.

As part of the written Agreement, the Government, the Defendant, and his counsel

United States of America v. Kenmiel Rivera-Díaz [2]
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 8

also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to

<u>United States of America v. Kenmiel Rivera-Díaz [2]</u>
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 9

him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney. Defendant then positively stated that what was contained in Counts Three and Four was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Counts Three and Four of the Indictment in Criminal No. 19-357 (GAG).

<u>United States of America v. Kenmiel Rivera-Díaz [2]</u>
Criminal No. 19-357 (GAG)
Report and Recommendation
Page 10

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts Three and Four of the Indictment in Criminal No. 19-357 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for January 26, 2021 at 10:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation.  Amended Fed. R. Crim P. 59 (b)(2).  <u>See</u> <u>also</u> Amended Local Rules.  Failure to file same within the specified time waives the right to appeal this order.  <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).  See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 1st day of October of 2020.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE